Swing, J.
The action below was by Fisher, to recover the value of his curtesy in certain real estate of which his wife died seized. Fisher’s wife and her two brothers were the owners of the fee, and their mother had a dower interest therein. The property was sold after the death of Fisher’s wife, all joining in the deed, and the purchase-money paid to the mother, Mrs. Shaddinger.
The claim of Fisher was against Mrs. Shaddinger, for the amount of his curtesy, claiming that amount was to be paid him out of the purchase-money.
The value of the fee (the one-third) was about $4,600. The value of plaintiff’s curtesy, as found by the court, was about $2,900. In the answer of defendant a claim is set up that the defendant, Mrs. Shaddinger, was the guardian of Fisher’s wife, during her minority, and that as such she had a claim against her estate, for the sum of $800. That on the settlement of her accounts, the probate court had found that amount due her, and that the costs of administration was the sum of $750.
It appears from the record that such was the case, together with the fact that an appeal had been taken to the court of common pleas, from the finding of the probate court, and that the matter was still pending there.
• If the case is decided in favor of Mrs. Shaddinger, she would have a judgment against the estate of her ward, Fisher’s wife, for an amount, including costs, of something near $2,000.
If Fisher is to receive the $2,900, there would not be enough left to pay this judgment.
Fisher sued for the value of his curtesy in said real estate. The amount allowed him by the court below was given on the *657 whole amount of the purchase-money of the wife’s interest, and without regard to his wife’s debts.
Kramer & Kramer, for plaintiff in error.
Mallon & Qoffey and N. Bird, for defendant in error.
In so deciding, it seems to us that the court below was at least premature, if not wrong.
We believe the law to be that the husband takes his curtesy subject to the payment of the wife’s debts.
■ In the present case there is a claim of nearly $2,000 against the wife’s estate, and if judgment is obtained (as it was in the court below), it must be paid regardless of the husband’s claim for the curtesy — but the property did not sell for enough to pay this amount, and the amount allowed Fisher for his curtesy, by about $900.
Therefore it seems to us, that the court could not rightfully have found the value of Fisher’s curtesy in said premises to be the amount for which judgment was given.
For this reason it seems to us the judgment should be reversed and remanded for further proceedings, and that of necessity this matter should be held for determination until the other matter is decided.